UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

G&F LICENSING CORPORATION,

                          Plaintiff,

           v.

FIELD & STREAM LICENSES COMPANY,
LLC, FIELD & STREAM BRAND, COSTCO
WHOLESALE CORPORATION and
MOOSE CREEK, INC.,

                         Defendants.

Civil Action No.
09 CV 10197 (LTS)

---

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS COUNTS IV-XI OF THE COMPLAINT AND, AS TO THE
## FIELD & STREAM LICENSEES, COUNT I

Jonathan E. Moskin
Dana C. Rundlof
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Telephone:  (212) 682-7474
Facsimile:  (212) 687-3229
jmoskin@foley.com
drundlof@foley.com
*Attorneys for Defendants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

I.   PRELIMINARY STATEMENT ................................................................................ 1

II.  FACTUAL BACKGROUND ..................................................................................... 2

III. ARGUMENT ............................................................................................................... 3

    A.   The Trademark Claims In the Complaint Should Be Dismissed (Counts IV-XI) ...... 3

    B.   Neither Field & Stream Nor Its Authorized Licensees Can Be Guilty of Infringing Field & Stream's Own Marks ........................................................................ 4

        1.   Neither A Trademark Owner Nor Its Authorized Licensees Can Be Guilty of Infringing The Trademark Owner's Mark .................................. 4

        2.   Authorities Relied Upon By Plaintiff Establish Only That A Licensee May Sue For Trademark Infringement – They Do Not Stand For Any General Proposition That A Licensee May Sue The Trademark Holder And Its Subsequent Licensees For Trademark Infringement ................................................................................................. 8

    C.   Even If Plaintiff Were A Licensee, Counts IV Through XI Are Expressly Barred By The Terms Of The License Agreement Itself ............................................. 9

    D.   Count I As Against The Field & Stream Licensees Should Be Dismissed .............. 10

IV. CONCLUSION ......................................................................................................... 12

## **TABLE OF AUTHORITIES**

**CASES**

                                                                                                   **PAGE**

Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC,
    637 F. Supp. 2d 185 (S.D.N.Y. 2009)..................................................................................3

Ashcroft v. Iqbal,
    129 S. Ct. 1937 (2009)..........................................................................................................3

Avon Prods., Inc. v. S.C. Johnson & Son, Inc.,
    984 F.Supp. 768, (S.D.N.Y. 1997) ......................................................................................8

Ballet Makers, Inc. v. United States Shoe Corp.,
    633 F. Supp. 1328 (S.D.N.Y. 1986)................................................................................ 5-7

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)..............................................................................................................3

Bristol-Meyers Squibb Co. v. McNeil-P.P.C., Inc.,
    973 F.2d 1033 (2d Cir. 1992)...............................................................................................8

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002).................................................................................................3

G.H. Mumm Champagne v. E. Wine Corp.,
    142 F.2d 499 (2d Cir. 1944).................................................................................................8

ICEE Distribs., Inc. v. J&J Snack Foods Corp.,
    445 F.3d 841 (5th Cir. 2006) ...............................................................................................5

Jofen v. Epoch Biosciences, Inc.,
    No. 01-4129, 2002 WL 1461351 (S.D.N.Y. July 8, 2002).......................................................3

Merck & Co., Inc. v. Mediplan Health Consulting, Inc.,
    425 F.Supp.2d 402 (S.D.N.Y. 2006) ............................................................................... 7-8

Panther Partners Inc. v. Ikanos Commc'ns, Inc.,
    No. 08-3398, 2009 WL 2959883 (2d Cir. Sept. 17, 2009) ....................................................3

Pronti v. Barnhart
    441 F.Supp.2d 466 (W.D.N.Y. 2006)...............................................................................11

Savin Corp. v. Savin Group,
    391 F.3d 439 (2d Cir. 2004)........................................................................................... 6-7

NYC_749862.5

Silverstar Enters., Inc. v. Aday,
   537 F. Supp. 236 (S.D.N.Y. 1982) ....................................................................................5, 7

Starbucks Corp. v. Wolfe's Borough Coffee, Inc.,
   588 F.3d 97 (2d Cir. 2009)................................................................................................5, 7

TAP Publ'ns, Inc. v. Chinese Yellow Pages (New York) Inc.,
   925 F. Supp. 212 (S.D.N.Y. 1996) ..............................................................................5, 7, 9

Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC,
   221 F.Supp.2d 410 (S.D.N.Y. 2002).....................................................................................8

Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,
   277 F.3d 253 (2d Cir. 2002)............................................................................................ 6-8

**STATUTES**

15 U.S.C. § 1114................................................................................................................................9

15 U.S.C. § 1125(c) ..........................................................................................................................9

NYC_749862.5

I.      **PRELIMINARY STATEMENT**

This matter arises from termination on August 4, 2008, by Field & Stream Licenses Co. (Field & Stream) of a license agreement (the "License Agreement") with an entity, Gordon & Ferguson, Inc. ("G&F, Inc.") on grounds expressly permitted under the License Agreement: i.e., that G&F, Inc. was insolvent.  The termination occurred 17 months before G&F Licensing Corporation ("G&F Licensing" or "Plaintiff") filed its Complaint against defendant Field & Stream and three of its licensees, defendants Field and Stream Brand, Costco Wholesale Corp., and Moose Creek Inc. ("Field & Stream Licensees" or "Licensees").

As set forth in greater detail in the accompanying declaration of Jonathan Moskin ("Moskin Decl."), Field & Stream believes the entire Complaint is without merit and that plaintiff has needlessly included in a simple contract dispute Field & Stream's licensees so as to interfere with those relationships.  The present motion is directed only to the most egregious and meritless allegations of the Complaint: namely, Plaintiff's contention that Field & Stream and its current authorized Licensees are infringing Field & Stream's own trademarks.  Plaintiff has taken what is essentially a breach of contract claim, and attempted to reframe it under the guise of various forms of trademark infringement and unfair competition.  However, because, as a matter of law, a party cannot infringe its own marks, the trademark claims in the Complaint cannot stand against either Field & Stream or its Licensees.  Indeed, that Plaintiff is pursuing the trademark claims at all is in violation of the License Agreement.

Counsel for the parties have conferred in an effort to resolve this matter and have exchanged letters – letters to Judge Gardephe, originally assigned to this matter – setting forth their positions in detail. (Moskin Decl. Ex. C and Ex. D).  Having been unable to resolve the

matter without motion practice, defendants request that the Complaint be dismissed in relevant part. (Moskin Decl. ¶ 12.)

## II.    FACTUAL BACKGROUND

In addition to the basic facts that can be gleaned from the Complaint, Field & Stream submits herewith correspondence generally referenced in the pleading and attached to the accompanying declaration of Jonathan Moskin.

As set forth in the Complaint, Field & Stream is the owner of the certain trademarks associated with the Field and Stream name (the "Field and Stream Marks"), including but not limited to FIELD & STREAM and FIELD AND STREAM, for products and other apparel, and, as also set forth in the Complaint, Plaintiff concedes that Field & Stream owns no fewer than 5 registrations for the subject marks, which show use by Field & Stream and its predecessors dating to 1915 (if not earlier). (Compl. ¶¶2, 15). The complaint further acknowledges that each of the remaining defendants, i.e., the Field & Stream Licensees, is indeed an authorized licensee of the Field & Stream Marks. (Id. ¶¶ 67-69, 79-80, 92-94).

The underlying dispute concerns an allegation that Field & Stream breached a contract with Plaintiff by terminating a License Agreement created on October 28, 1988 under which Field & Stream (through its predecessor) licensed a purported predecessor of Plaintiff to use certain Field & Stream Marks for defined types of outerwear. (Id. ¶14; Compl. Ex. A). Although a full understanding of the underlying contract dispute is not necessary to resolve the present motion, to place the motion in its full proper context, the accompanying Moskin Declaration includes a summary of certain undisputed facts regarding the discussions between the parties during the 17 months between termination and litigation.

### III.     ARGUMENT

#### A.     The Trademark Claims In the Complaint Should Be Dismissed (Counts IV-XI)

A court should dismiss a complaint under Rule 12(b)(6) "if the plaintiff has failed to offer factual allegations sufficient to render the asserted claim plausible on its face." Air Atlanta Aero Eng'g Ltd. v. SP Aircraft Owner I, LLC, 637 F. Supp. 2d 185, 189 (S.D.N.Y. 2009) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Panther Partners Inc. v. Ikanos Commc'ns, Inc., No. 08-3398, 2009 WL 2959883 at *4 (2d Cir. Sept. 17, 2009) (recognizing "that Iqbal and Twombly raised the pleading requirements"). To state a plausible claim, Plaintiffs must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. at 1949, 1953 (stating that the Supreme Court's "decision in Twombly expounded the pleading standard for 'all civil actions'"). To survive a motion to dismiss, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action… will not do. Factual allegations must be enough to raise a right to relief above the speculative level…" Bell Atl. Corp., 550 U.S. at 545; Air Atlanta Aero Eng'g Ltd., 637 F. Supp. 2d at 189-90 (noting that mere legal conclusions are not assumed true).

Although, for purposes of a Rule 12 motion, the allegations in the Complaint are accepted as true, in deciding the defendants' motion to dismiss, the Court may consider documents attached to the complaint or incorporated in it by reference, matters of which judicial notice may be taken, or documents that the plaintiff relied upon in bringing suit and either are in its possession or of which it had knowledge. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Jofen v. Epoch Biosciences, Inc., No. 01-4129, 2002 WL 1461351, at *1 (S.D.N.Y. July 8, 2002).  (The only such matters included here are not even essential to the

motion itself but rather merely help explain the background against which the Complaint was filed.)

Here, as a matter of law Plaintiff cannot establish a right to relief for alleged trademark infringement and/or unfair competition, or any trademark-related claims against the owner of the marks in question – Field & Stream – or against Field & Stream's authorized licensees. Consequently, this Court should dismiss Count IV (federal trademark infringement as to all Defendants), Count V (federal unfair competition as to all Defendants), Count VI (federal dilution as to all Defendants), and Count VII (federal contributory trademark infringement as to Field & Stream LLC). For the same reasons, this Court should dismiss the four New York state law claims for deceptive trade practices, dilution, trademark infringement, and contributory infringement (Counts VIII-XI).

Whether or not the contract dispute between Field & Stream & G&F Licensing can be resolved without consideration of facts outside the scope of the Complaint itself, Plaintiff's trademark claims are all without merit on the face of the Complaint. Field & Stream indeed is concerned they were brought simply for the improper purpose of interfering with its contractual relations with its actual licensees.

### B. Neither Field & Stream Nor Its Authorized Licensees Can Be Guilty of Infringing Field & Stream's Own Marks

#### 1. Neither A Trademark Owner Nor Its Authorized Licensees Can Be Guilty of Infringing The Trademark Owner's Mark

Plaintiff concedes, as it must, that Field & Stream is the owner of the subject trademarks, the Field and Stream Marks, as well as each of the subject federal registrations for the marks pleaded in the Complaint. (Compl. ¶¶2, 15). As a matter of law, a trademark owner cannot be guilty of infringing its own marks. The very notion that a trademark owner (or its authorized

licensees) can be guilty of infringing its own marks or inducing infringement of its own marks is internally contradictory. As such, Counts IV-XI of the Complaint cannot stand.

Courts facing situations analogous to the instant case have held that a licensee has no right to sue its licensor, or subsequent authorized licensees. See, e.g., TAP Publ'ns, Inc. v. Chinese Yellow Pages (New York) Inc., 925 F. Supp. 212, 217 (S.D.N.Y. 1996) ("a licensee has no right to sue the licensor under the Lanham Act."); Ballet Makers, Inc. v. U.S. Shoe Corp., 633 F. Supp. 1328, 1335 (S.D.N.Y. 1986) (dismissing Section 32 and 43(A) claims by licensee against owner and subsequent licensee after finding that the use of the mark by the subsequent licensee "accurately designates the correct source of the goods and does not create a likelihood of confusion within the meaning of the statute."); Silverstar Enters., Inc. v. Aday, 537 F.Supp. 236 (S.D.N.Y. 1982) (dismissing Lanham Act claims by licensee against trademark registrant). Accord, ICEE Distribs., Inc. v. J&J Snack Foods Corp., 445 F.3d 841, 847 (5th Cir. 2006) ("[a]n exclusive licensee does not have a claim for trademark infringement against a subsequent licensee.") (citations omitted). ICEE Distributors explained the reasoning underlying such decisions:

> Because the rights of a licensee are derivative of the rights of a trademark owner, a claim of infringement by a licensee seems impossible to maintain where the trademark-owner could not bring such a claim. It is common-sense reasoning that a trademark-owner has no claim of trademark infringement against a manufacturer that produced approved marked goods *pursuant to an agreement with the mark-owner itself*; nor, then, can a claim of infringement be brought by the prior licensee, whose interest in its exclusive rights is properly protected by contract law.

ICEE Distribs., 445 F.3d at 846 (emphasis in original).

The logic is simple. To prove infringement, a plaintiff must prove "confusion as to the origin or sponsorship of the defendant's goods with plaintiff's goods." See, e.g., Starbucks Corp. v. Wolfe's Borough Coffee, Inc., 588 F.3d 97, 114 (2d Cir. 2009) (emphasis added). See also

5

Savin Corp. v. Savin Group, 391 F.3d 439, 456 (2d Cir. 2004) (the "crucial issue in an action for trademark infringement is whether there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of goods in question") (citation omitted) (emphasis added). The source or "origin" within the meaning of trademark law is "the owner of the marks." Twentieth Century Fox Film Corp. v. Marvel Enters., Inc., 277 F.3d 253, 259 (2d Cir. 2002). Thus, to prove infringement, a plaintiff must establish likelihood of confusion as to the owner of the marks. Id. "[F]ailure to establish confusion as to source will defeat a purported claim of infringement." Ballet Makers, Inc., 633 F. Supp. at 1331 (emphasis added). Because the trademark owner is the source of the subject goods, there can be no confusion as to source when the trademark owner or its authorized licensees use the owner's own mark.

Here, Plaintiff cannot establish confusion as to source because there is no question – and no confusion – that Field & Stream is the source of all goods marketed, distributed or sold under the Field and Stream Marks at issue in Plaintiff's Complaint. Plaintiff's Complaint alleges no unauthorized use of the Field and Stream Marks by an infringing third party. Instead, its claims are directed solely towards Field & Stream's own use of its own marks, and the authorized use of the Field and Stream Marks by the Field & Stream Licensees.

Plaintiff's general allegation that the allegedly infringing use of Field & Stream's own marks – by Field & Stream and its authorized licensees – "will continue to create a likelihood of confusion in the public's minds as to whether Plaintiff or Defendants…is exclusively authorized to use the Field and Stream Marks" (Compl. ¶3) is at odds with the very meaning of the term "likelihood of confusion". The issue of trademark law is not whether the public will be confused whether an entity is an exclusive licensee, but whether the public will be confused as to the

source of origin or sponsorship (by the trademark owner) of goods.  See, e.g., Starbucks Corp., 588 F.3d at 114; Savin Corp., 391 F.3d at 456; Ballet Makers, Inc., 633 F. Supp. at 1331; Twentieth Century Fox Film Corp., 277 F.3d at 259.

Plaintiff's allegations that the actions of Field & Stream and its Licensees are "likely to cause confusion, mistake and deception…as to origin, sponsorship or approval of the [goods] being marketed by [Field & Stream LLC and its licensees]" are internally contradictory. (Compl. ¶119); see also ¶123).  Given that the nature of "confusion" remediable by trademark laws is confusion as to source of origin or as to sponsorship or approval, and given that the trademark owner is, as a matter of law, the source of origin of goods sold under its marks, it makes no sense to say – as Plaintiff contends in its Complaint – that the actual owner of a mark or its authorized licensees can cause confusion as to the source or sponsorship of goods for which the trademark owner is in fact the source and/or sponsor.

Because plaintiff cannot establish infringement or unfair competition, its federal and state trademark claims should be dismissed.  See, e.g., Ballet Makers, Inc., 633 F. Supp. at 1335 (dismissing plaintiff's claims for infringement and unfair competition where, "[u]nder these circumstances, use of the …mark accurately designates the correct source of the goods and does not create a likelihood of confusion within the meaning of the statute"); Silverstar, 537 F. Supp. at 240-41 (dismissing licensee's 1125(a) claim where "it appears that there will be only one source of goods in question and that no confusion will result"); see also TAP Publ'ns, 925 F. Supp. at 217-19 (dismissing state law claims after dismissing licensee's Lanham Act claims against licensor and authorized licensees).[1]

---

[1] State law essentially tracks the Lanham Act in the areas of, *inter alia*, unfair competition, trademark infringement, and dilution.  *See, e.g.,* Merck & Co., Inc. v. Mediplan

7

> **2.    Authorities Relied Upon By Plaintiff Establish Only That A Licensee May Sue For Trademark Infringement – They Do Not Stand For Any General Proposition That A Licensee May Sue The Trademark Holder And Its Subsequent Licensees For Trademark Infringement**

As set forth in Plaintiff's January 14, 2010 letter response to Judge Gardephe (Moskin Decl. D), the cases on which Plaintiff relies (e.g., G.H. Mumm Champagne v. E. Wine Corp., 142 F.2d 499 (2d Cir. 1944)), involved the entirely distinct issue of whether a licensee had standing to sue an infringer – i.e. an unauthorized user of a mark confusingly similar to the licensed mark – or are otherwise inapposite.[2]  In this instance, each of the Field & Stream Licensees (Field & Stream Brand, Costco and Moose Creek) enjoy the sponsorship and approval of Field & Stream LLC.  They are not infringers.  The cases plaintiff cites might well support the standing of any one of these three licensees to sue third-party infringers copying the Field and Stream Trademarks, but they would not authorize any one of the three suing each other.  Whether or not Plaintiff G&F Licensing has a valid claim against Field & Stream for breach of

---

Health Consulting, Inc., 425 F.Supp.2d 402 (S.D.N.Y. 2006) ("State law largely tracks federal law in this area [under the Lanham Act], and although there are some differences, for purposes of these motions [to dismiss], I do not discuss the state law claims separately."); Bristol-Meyers Squibb Co. v. McNeil-P.P.C., Inc., 973 F.2d 1033, 1048 (2d Cir. 1992) (applying same likelihood of confusion analysis to claims under New York law as to claims under Lanham Act); Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC, 221 F.Supp.2d 410 (S.D.N.Y. 2002) (noting similarities between federal and state antidilution law); Avon Prods., Inc. v. S.C. Johnson & Son, Inc., 984 F.Supp. 768 (S.D.N.Y. 1997) ("The standards for bringing a claim under § 43(a) of the Lanham Act are substantially the same as those applied to claims brought under ...§ 349 and 350 of the New York General Business Law.").  Consequently, for the same reasons that Plaintiff's federal trademark-related claims should be dismissed, its state law trade-mark related claims against Field & Stream and the Field & Stream Licensees should also be dismissed.

[2] Equally inapposite (if not directly supportive of defendants' position is Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., 277 F.3d 253, 260 (2d Cir. 2002), cited by Plaintiff.  There, although the suit was between a licensee and a licensor, the court permitted only a claim of false advertising under the Lanham Act and refused to allow any claims such as those contemplated here based on likelihood of confusion as to origin of the goods.

contract, it has no claim for trademark infringement or unfair competition against Field & Stream or its authorized Licensees.  See, e.g., TAP Publ'ns, 925 F. Supp. at 217 (emphasizing that the "mere fact that a trademark was the subject of a contract does not convert a state-law breach of contract issue into a federal Lanham Act claim.")  As a result, Counts IV – XI should be dismissed.[3]

### C. Even If Plaintiff Were A Licensee, Counts IV Through XI Are Expressly Barred By The Terms Of The License Agreement Itself

Not only are Plaintiffs trademark claims contrary to substantive trademark law, the License Agreement itself expressly prohibits a licensee (which Plaintiff purports to be) from bringing the type of trademark-related claims recited in Counts IV-XI of the Complaint.  Section V(B) of the License Agreement states as follows:

> "Licensee shall not initiate any litigation, whether or not with others, which contests the validity of the Trademarks or F&S's rights in and to the Trademarks. The use of the Trademarks pursuant to this Agreement shall be for the benefit of F&S for purposes of trademark ownership, and shall not vest in Licensee any title to or right or preemptive right to continue said use except to the extent granted in this Agreement."

Section IV(B) of the License Agreement.  (Compl. Ex. A).  In Counts VI through XI, Plaintiff G&F Licensing expressly contests Field & Stream's "rights in and to the Trademarks" by

---

[3] Even as a matter of standing, a purported licensee, such as Plaintiff, is expressly precluded by statute from bringing certain claims on behalf of the trademark owner (even against infringers).  Thus, not only is infringement of a registered mark limited to uses made "without the consent of the registrant" infringers can only be liable "in "a civil action by the registrant". 15 U.S.C. § 1114.  Similarly, a claim for dilution under 15 U.S.C. § 1125(c) only belongs to "the owner of a famous mark."  As Plaintiff is admittedly not the "owner" of the Field and Stream Marks, and a claim for infringement or dilution of the Field and Stream Marks belongs only to Field & Stream, Plaintiff has no right to bring such claims against anyone – certainly when, as here, Plaintiff is bringing its claims not on behalf of Field & Stream, but on behalf of itself in direct contravention of Field & Stream's rights and interests.  Plaintiff's purported claims against the owner itself and the owner's authorized licensees suffer from this even more basic infirmity.

9

alleging – in essence – that Field & Stream has improperly used its own marks, including licensing the use of its own marks to the Field & Stream Licensees. Pursuant to Section IV(B) – and assuming for this limited purpose that Plaintiff is a licensee under the License Agreement – Plaintiff is expressly barred by the contract itself from bringing Counts VI through XI and maintenance of such claims is in violation of the agreement.[4]  Consequently, these counts should be dismissed.

### D.   Count I As Against The Field & Stream Licensees Should Be Dismissed

Count I of the Complaint seeks declaratory relief construing the License Agreement against both Field & Stream as well as the Field & Stream Licensees without any legal basis for doing so. As set forth herein, the License Agreement was entered into between Field & Stream (through its predecessor) and a predecessor of Plaintiff. The Field & Stream Licensees are not – and never were – parties to the License Agreement. Thus, Plaintiff cannot and do not sue the Field & Stream Licensees for breach of the License Agreement (see Count II of the Compl.), because Plaintiff has no contractual relationship with the Field & Stream Licensees.

As such, Plaintiff should not be permitted to bring a claim for declaratory relief – arising under the License Agreement – against non-parties to that Agreement. Assuming for purposes of this motion that there is an "actual controversy" between Field & Stream and Plaintiff regarding the License Agreement, there is no actual controversy ripe for declaratory relief between Plaintiff

---

[4] Field & Stream LLC contends that Plaintiff is not a licensee under the License Agreement, as it maintains that the License Agreement was terminated. Thus, Field & Stream LLC's position is that Plaintiff has no rights under the License Agreement. However, in the event that this Court were to find that Plaintiff is a valid licensee under the License Agreement, Plaintiff would be bound by the terms of the Agreement. In either scenario – as a third party or a licensee – Plaintiff lacks the right to bring Counts IV through XI against Field & Stream LLC.

and Field & Stream's Licensees.  See, e.g., Pronti v. Barnhart, 441 F.Supp.2d 466, 476 (W.D.N.Y. 2006) ("whether there is an actual controversy depends on whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.")  Because the Field & Stream Licensees claim no rights under that License Agreement and have no contractual relationship with Plaintiff, there can be (and is) no actual claim that the rights of the Field & Stream Licensees are adverse to Plaintiff's rights.  The very naming of the licensees in this context supports Field & Stream's concern that the sole purpose for Plaintiff's having named the Field & Stream Licensees (for contract-based declaratory relief or for the trademark-related claims) was to interfere with Field & Stream's business relationship with its licensees.  Even if there is any merit to Plaintiff's contract claims against Field & Stream (which Field & Stream disputes) there is no good faith basis for having named any of the Field & Stream Licensees in this action.  Count I of Complaint should thus be dismissed as to all the Field & Stream Licensees.

## IV.   CONCLUSION

For the foregoing reasons, Counts I and Counts IV – XI of the Complaint should be dismissed in whole or in part, including all claims against the licensees Field & Stream Brand, Costco and Moose Creek, together with such other and further relief as the Court may deem just and proper.

Dated:   February 3, 2010

>Respectfully submitted,
>
>By:  s\Jonathan Moskin
>Jonathan E. Moskin
>Dana C. Rundlof
>FOLEY & LARDNER LLP
>90 Park Avenue
>New York, New York 10016
>Telephone:  (212) 682-7474
>Facsimile:  (212) 687-3229
>jmoskin@foley.com
>drundlof@foley.com
>*Attorneys for Defendants*

NYC_749862.5